**HUBBARD BROADCASTING, INC.,**
**Petitioner,**

v.

**FEDERAL COMMUNICATIONS COM-MISSION and United States of America, Respondents,**

**Santa Fe Cablevision Company,**
**Intervenor.**

**No. 20924.**

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 11, 1967.

Decided Oct. 27, 1967.

Wilbur K. Miller, Senior Circuit Judge, dissented.

**980**

Mr. Robert L. Heald, Washington, D. C., with whom Messrs. Frank U. Fletcher and Edward W. Hummers, Jr., Washington, D. C., were on the brief, for petitioner.

Mr. Joseph A. Marino, Counsel, F.C.C., with whom Asst. Atty. Gen., Donald F. Turner, Mr. Henry Geller, Gen. Counsel, Mrs. Lenore G. Ehrig, Counsel, F.C.C., and Mr. Howard E. Shapiro, Atty., Dept. of Justice, were on the brief, for respondents. Mr. John H. Conlin, Associate Gen. Counsel, F.C.C., also entered an appearance for respondent Federal Communications Commission.

Mr. Vernon L. Wilkinson, Washington, D. C., with whom Messrs. James A. McKenna, Jr. and Robert W. Coll, Washington, D. C., were on the brief, for intervenor.

Before WILBUR K. MILLER, Senior Circuit Judge, and WRIGHT and McGOWAN, Circuit Judges.

PER CURIAM:

This is a petition for review of a memorandum opinion and order of the Federal Communications Commission released February 17, 1967. In its opinion and order, the Commission waived the evidentiary hearing provisions of Section 74.1107 of its Rules and Regulations pertaining to CATV, 47 C.F.R. § 74.1107 (Supp.1967), and permitted Santa Fe Cablevision to carry its proposed distant signals within the Grade A contours of Station KOB-TV, operated by petitioner, Hubbard Broadcasting, Inc., in Albuquerque, New Mexico. Hubbard maintains that, in granting the waiver, the Commission violated its own rules requiring an evidentiary hearing except where the uncontested factual allegations in the application for waiver and the Commission's findings satisfy the public interest consideration for CATV approval.

This case is governed by our recent decision in Channel 9 Syracuse, Inc. v. F.C.C., 128 U.S.App.D.C. ——, 385 F.2d 969 (Nos. 20,843 and 20,915, decided September 26, 1967). Both cases were considered by the Commission at approximately the same time and raise similar questions as to factual specificity in petitions for waiver and the articulation by the Commission of its reasons for granting the petitions. The differences in the cases are a matter of degree, and we do not find the degree of difference sufficient to justify a different result. Accordingly, we affirm the Commission's order. Once again, however, we remind the Commission that, although we defer to its expertise in its assigned area, "in the emerging field of CATV, with respect to petitions for waiver of evidentiary hearings, the Commission should require greater factual specificity in petitions for waiver and in the proof, and its decisions should more clearly articulate the public interest considerations on which it determines to waive" its rules and regulations. Channel 9 Syracuse, Inc. v. F.C.C., supra, 385 F.2d p. 975.

Affirmed.

WILBUR K. MILLER, Senior Circuit Judge (dissenting):

I think the Commission's order should be reversed on the authority of Channel 9 Syracuse v. F.C.C. When that opinion

was handed down by this court, the Commission should have asked that this case be returned to it for further consideration in the light of *Channel 9 Syracuse*.